**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon Michael Gamino, | No. CV-23-00239-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Faith Schrouder, et al., | |
| Defendants. | |

On April 27, 2023, Plaintiff Brandon Michael Gamino, proceeding pro se, initiated this action in the United States District Court for the Eastern District of California by filing a Complaint (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). Thereafter, Magistrate Judge Jeremy D. Peterson ordered that the case be transferred to the District of Arizona pursuant to 28 U.S.C. § 1391(b). (Doc. 3.) This Court has reviewed Plaintiff's Application to Proceed in Forma Pauperis and finds good cause for granting it. The Court will dismiss the Complaint with leave to amend.

**I.    Application to Proceed in Forma Pauperis**

The Court may authorize the commencement and prosecution of a civil action "without prepayment of fees or security therefor" if the plaintiff submits an affidavit including a statement of all assets. 28 U.S.C. § 1915(a)(1). In proceedings in forma pauperis, officers of the court "shall issue and serve all process." 28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3).

Plaintiff's Application for Leave to Proceed In Forma Pauperis indicates that he is

unemployed with an income of $0 per month.  (Doc. 2 at 1.)  The Application indicates that Plaintiff has no money in cash or in a checking or savings account.  (*Id*. at 2.) Plaintiff's Application for Leave to Proceed In Forma Pauperis will be granted.

## II.     Statutory Screening of Complaints

The Prison Litigation Reform Act states that a district court "shall dismiss" an *in forma pauperis* complaint if, at any time, the court determines that the action "is frivolous or malicious" or that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).  "[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

As the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342

(9th Cir. 2010). A complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotation omitted). Nevertheless, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127-29.

### III. Plaintiff's Complaint

Plaintiff names as Defendants the Tucson Police Department and two of its officers, Sergeant Faith Schrouder and Sergeant David Hill. (Doc. 1 at 2.) Plaintiff appears to allege both diversity and federal question jurisdiction. (*Id.* at 3-4; Doc. 1-1.) As the basis for diversity jurisdiction, Plaintiff claims that he is a citizen of the State of California, Defendants are citizens of Arizona, and the amount in controversy is more than $75,000. (Doc. 1 at 3-4.) Plaintiff also appears to allege federal question jurisdiction by noting on the civil sheet attached to his Complaint that the "U.S. Civil Statute" under which he is filing is the "Civil Rights Statute" and claiming throughout the Complaint that Defendants violated his "civil right to file [an] internal affairs claim." (Doc. 1-1; *see also* Doc. 1 at 4.)

Plaintiff alleges that Sergeant Schrouder "co-conspired with other out of state law enforcement to harass" Plaintiff, illegally track him, and "attempt to run [his] vehicle off [the] road." (Doc. 1 at 4.) Plaintiff alleges that Defendant Hill "violated [Plaintiff's] civil rights" by "refus[ing] to take [his] internal affairs report." (*Id.*) Instead of taking the report, Plaintiff alleges Defendant Hill "interrogated [him] after seeing the connection between" Sergeant Schrouder and "a factual innocence case from California involving police corruption and misconduct." (*Id.*) Plaintiff further alleges that someone, presumably Defendant Hill, made "false allegations of mental health issues to deter [Plaintiff] from pursuing legal action against his officer." (*Id.*) As damages, Plaintiff

claims that he "had to relocate due to safety concerns," that he has suffered lost wages and expenses, and that Defendants' actions have caused Plaintiff to have PTSD. (*Id.*) Plaintiff seeks "punitive damages" of $250,000. (*Id.*)

**IV.     The Complaint Fails to State a Claim for Relief**

By claiming that Defendants "violated his civil rights" by refusing to take his internal affairs report, Plaintiff appears to allege that Defendants are liable under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that (1) the defendant violated rights secured by the Constitution or federal law, and (2) the defendant acted under color of State law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff does not specify which constitutional right(s) Defendants deprived him of; however, Plaintiff's allegations potentially implicate the First Amendment.

The First Amendment provides that Congress shall make no law abridging the right of the people "to petition the Government for a redress of grievances." U.S. Const. amend. I. However, the First Amendment guarantees only that an individual may "speak freely and petition openly" and that he will be free from retaliation by the government for doing so. *Smith v. Arkansas State Highway Employees, Local 1315*, 441 U.S. 463, 465 (per curiam). "[T]he First Amendment does not impose any affirmative obligation on the government to listen" or respond to a petition. *Id.*; *see also Douglas v. Kalanta*, No. 1:21-cv-01535-JLT-EPG (PC), 2022 WL 16748728, at *9 (E.D. Cal. Nov. 7, 2022), *report and recommendation adopted*, No. 1:21-cv-01535-JLT-EPG, 2022 WL 17834036 (E.D. Cal. Dec. 21, 2022) ("The First Amendment does not guarantee…that the government will take any action regarding the relief demanded by the petitioner.")[1]

"[T]he First Amendment prohibits government officials from subjecting an individual to retaliatory actions…for speaking out." *Hartman v. Moore*, 547 U.S. 250, 256 (2006). To state a First Amendment retaliation claim, a plaintiff must plausibly

---

[1] The Court also notes that "[t]he police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty o[r] property." *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1045 (9th Cir. 1994) (citing *DeShaney v. Winnebago Cnty.*, 489 U.S. 189, 195–96 (1989)).

allege that (1) he "engaged in a constitutionally protected activity, (2) Defendants' actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) the protected activity was a substantial or motivating factor in Defendants' conduct." *Sampson v. Cnty. of Los Angeles*, 974 F.3d 1012, 1019 (9th Cir. 2020).

Based on these standards, Plaintiff fails to state a cognizable First Amendment claim to the extent he alleges Defendants violated his civil rights by refusing to take his written report of police misconduct. Plaintiff does not allege that Defendants prevented him from orally expressing his grievances. Instead, Plaintiff's Complaint indicates that he verbally informed Defendant Hill about his allegations of police misconduct. *See Rowe v. Las Vegas Metro. Police Dept.*, No. 2:21-cv-00724-JAD-BNW, 2022 WL 358144, at *3 (D. Nev. Feb. 4, 2022) (holding that the plaintiff's right to petition a local police department "need not have been exercised in writing," and thus the plaintiff's "oral conversation with the defendants at the police station constituted an exercise of his right to petition for redress of grievances").

To the extent Plaintiff attempts to assert a First Amendment retaliation claim, Plaintiff has not pled sufficient facts. Plaintiff appears to allege that in response to Plaintiff's accusations of police misconduct by Defendant Schrouder, Defendant Hill "interrogated" Plaintiff and made false statements about his "mental health issues." (Doc. 1 at 4.) However, Plaintiff provides no details about when any of the alleged events occurred, what happened during the interrogation, the content of the false allegations, to whom, how, or where Defendant Hill made the false allegations, or how the false allegations were meant to have deterred him from engaging in protected speech. Consequently, the Complaint does not contain "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678. Nor does it allow the Court to draw any inference that Defendant is liable for the alleged misconduct. Furthermore, Plaintiff has not shown that Defendants' actions would chill protected speech or that these actions occurred due to a retaliatory animus for Plaintiff's protected

speech.

Because Plaintiff has failed to state a claim on which relief can be granted, the Court will dismiss the Complaint with leave to amend. Within thirty days, Plaintiff may submit a first amended complaint to cure the deficiencies mentioned above. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.

A first amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the defendant who violated the right; (3) exactly what that that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that defendant's conduct. *See Rizzo*, 423 U.S. at 371-72, 377. Plaintiff must repeat this process for each named defendant. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by Plaintiff, the allegations against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or group of defendants has violated a constitutional right are unacceptable and will be dismissed.

## V. Warnings

### A. Address Changes

If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of

address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Possible Dismissal

If Plaintiff fails to timely file an amended complaint in compliance with this Order, this action will be dismissed with prejudice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

Accordingly,

**IT IS ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is **dismissed without prejudice for failure to state a claim**. Within **thirty (30) days**, Plaintiff may file a first amended complaint that cures the deficiencies addressed in this Order. If Plaintiff fails to file an amended complaint within thirty days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

Dated this 23rd day of April, 2024.

_____
Honorable Rosemary Márquez
United States District Judge